■ NEW YORK STATE SUPERINTENDENT OF INSURANCE, as Ancillary Receiver of Reliance Insurance Company, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, et al., Defendants. [951 NYS2d 1]—

Order, Supreme Court, New York County (George J. Silver, J.), entered January 13, 2011, which granted plaintiff's motion to confirm the report and recommendation of the Special Referee, dated December 31, 2009, granted plaintiff's motion for summary judgment declaring that defendant Vanessa Kitaw is afforded liability coverage for bodily injury arising from the subject motor vehicle accident under the personal automobile policy issued to her by defendant New York Central Mutual Fire Insurance Company (New York Central), and denied New York Central's cross motion for summary judgment declaring that Kitaw is not so covered, unanimously modified, on the law, to declare that Kitaw's New York Central policy affords her coverage for liability for bodily injury arising from the subject motor vehicle accident, and otherwise affirmed, without costs.

This coverage dispute arises from a motor vehicle accident that involved a van leased by defendant Kitaw but driven by another person. It is undisputed that Reliance Insurance Company (represented herein by plaintiff, its ancillary receiver), the liability carrier of the rental company (defendant MPT, Inc., doing business as Thrifty Rental Car Finance Corp. [Thrifty]) that leased the van to Kitaw, has settled all personal injury claims arising from the accident. The court, adopting the recommendation of a referee, correctly determined that New York Central, which issued a personal automobile liability policy to Kitaw, is obligated to provide coverage for Kitaw for liability arising from the subject accident based on the plain language of her policy, which provides coverage for liability for bodily injury arising from her "use of any auto" (see *Hertz Corp. v Government Empls. Ins. Co.*, 250 AD2d 181, 186-187 [1998], *lv dismissed* 93 NY2d 1040 [1999]), and we modify to declare accordingly. While Kitaw, as lessee of a vehicle owned by Thrifty, was also covered, pursuant to Vehicle and Traffic Law § 370 (1) (b), by the policy Reliance issued to Thrifty (see *ELRAC, Inc. v Ward*, 96 NY2d 58, 73-75 [2001]), the antisubrogation rule does not prevent

Reliance, as Thrifty's subrogee, from seeking to recover from Kitaw any amounts above the limits of Kitaw's coverage under the Reliance policy that Reliance has paid in settlement of the underlying personal injury actions (*see id.* at 77-78).

We have considered New York Central's remaining argument and find it unavailing.

Motion for leave to file a supplemental affirmation denied. Concur—Friedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.